## J. H. KELLEY *vs.* FRED DOWNING.

October Term, 1896.

Present: TAFT, ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

*Immaterial Evidence—Motion to Discharge Panel.*

The issue being whether an exchange of horses was absolute, or conditional upon the horse received by the plaintiff proving tractable, the court properly excluded evidence of what the plaintiff believed at the time of the bargain about his ability to manage the horse, as well as expert evidence as to the effect upon a horse's disposition of such a fright as the horse in question had experienced.

The defendant having suggested that the horse be used with another, it was not error to permit the plaintiff to testify that he did so use her and that she then kicked and balked.

It is not error for the trial court to deny a motion to discharge the panel on the ground that a juror has had a private conversation with one of the parties, the juror testifying that it had no reference to the case.

REPLEVIN for a mare. Plea, the general issue. Trial by jury at the March Term, 1896, Washington County, *Ross,* C. J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

The plaintiff's evidence tended to show that he exchanged horses with the defendant on the condition that the plaintiff might try the horse he received until nine o'clock the next morning and if she worked well on a milk cart the trade should be binding. The defendant's evidence tended to show that the exchange was absolute. The trade was made on an occasion when the defendant was making an unsuccessful attempt to use the horse, and the negotiations were opened by the plaintiff's proposal to the defendant, "Come up here and trade for a horse that you can use." The defendant offered to ask the plaintiff as a witness upon the trial whether he did not come to the opinion on the spot that he could manage the horse although the defendant could not. The question was excluded and the defendant excepted.

The horse delivered to the plaintiff had run away and been severely frightened and according to the defendant's evidence had never before the runaway kicked or balked. The defendant introduced a witness, acquainted with the horse and qualified to speak as an expert, by whom he offered to show what the effect of such a runaway would be upon the disposition of such a horse. The evidence was excluded and the defendant excepted.

Upon the adjournment of court at the end of the first day's session, the plaintiff had a private conversation with one of the jurors, which the juror testified had no reference to the case. The defendant at the opening of the court the next morning moved that the panel be discharged. The motion was denied and the defendant excepted.

*John W. Gordon* for the defendant.

*W. E. Barney* and *Richard A. Hoar* for the plaintiff.

START, J. The plaintiff claimed that he exchanged horses with the defendant on condition that the horse received of defendant would work on a milk cart. The defendant claimed that the exchange was absolute. On this issue,

what the plaintiff thought before the exchange about his being able to handle the horse was immaterial; and the testimony was properly excluded.  For like reason, the expert evidence offered by the defendant to show the effect of a runaway upon a horse's disposition was properly excluded.  So far as appears from the exceptions, the only question about which the parties were at issue was whether the exchange was conditional in the respect claimed by the plaintiff; and the testimony offered and excluded could have no bearing upon this issue.  It not appearing that there was any issue to which this testimony was pertinent, error does not appear.  The plaintiff having testified that the defendant suggested that the horse be used with another, it was not error to allow him to testify that he did so, and the horse kicked and balked when so used.  The juror, Ellis, was not legally disqualified by reason of the talk he had with the plaintiff; and, while the court, in its discretion, could have discharged the panel and called another, its declining to do so was not error.

*Judgment affirmed.*